**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David R. KING, Defendant—Appellant.**

**No. 05–10629.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed April 18, 2007.

Michelle Rodriguez Fax, USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

James R. Greiner, Esq., Attorney at Law, Sacramento, CA, for Defendant–Appellant.

Before: BEEZER, O'SCANNLAIN, and TROTT, Circuit Judges.

## MEMORANDUM *

David R. King appeals from his conviction of one count of conspiracy to obtain computer access to financial records, in violation of 18 U.S.C. § 371, two counts of aiding and abetting the unlawful use of another's identity, in violation of 18 U.S.C. § 1028(a)(7), and 26 counts of aiding and abetting bank fraud, in violation of 18 U.S.C. § 1344(2). The facts and prior proceedings are known to the parties and are repeated herein only as necessary.

### I

In a concurrently filed opinion, we deal with King's contention that his right to a speedy trial under either the Speedy Trial Act or the Sixth Amendment was violated; such issue has been resolved there. *See United States v. King,* 483 F.3d 969 (9th Cir.2007).

### II

King next argues that the district court erred in denying his motion to suppress evidence obtained from two automobiles, a Chrysler Sebring and a Ford Thunderbird, during the execution of a search warrant. In reviewing the validity of a warrant, our task is "to ensure that the magistrate had

'a substantial basis ... for concluding that probable cause existed.'" *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (quoting *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)). Deference is to be accorded to the magistrate's determination of probable cause, and we "will reverse only if that determination is clearly erroneous." *United States v. Espinosa,* 827 F.2d 604, 610 (9th Cir.1987).

■ We have no trouble concluding that the magistrate did not clearly err in determining that probable cause supported the issuance of the warrant. The accompanying affidavit set forth direct instances when criminal activity had taken place in the vehicles named in the warrant. Further, the affidavit set forth the view of an experienced law enforcement officer that conspirators in a bank fraud often conceal evidence in their vehicles. *See United States v. Fannin,* 817 F.2d 1379, 1381 (9th Cir.1987).

### III

King finally contends that the prosecutor goaded him into making and renewing his motion for a mistrial during his first trial, and therefore argues that his retrial was barred by double jeopardy. *See Oregon v. Kennedy,* 456 U.S. 667, 679, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).

■ We reject King's argument. King made a motion for a mistrial after he observed jurors sleeping. The district judge did not see any jurors sleeping, and therefore denied the motion. At this point, the prosecutor stated:

> Your Honor, I have also [been observing the jurors] and they have not been sleeping, as has Mr. Perry who is closest to them from counsel table here. Mr.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Perry from the FBI has been keeping a close eye on all the jurors, and none of the them have been sleeping.

After the district judge later learned that a number of the jurors had indeed fallen asleep during the trial, he asked King whether he wanted to renew his motion for a mistrial. King renewed his motion and the district court granted the motion. We can discern no way in which the prosecutor's completely innocuous statement "goaded" King into renewing his mistrial motion. Further, none of the objective factors we identified in *United States v. Lun*, 944 F.2d 642, 644–46 (9th Cir.1991), are applicable to this case. In short, to the extent that King's argument is even comprehensible, it is wholly without merit.

## IV

For the foregoing reasons, the conviction is

**AFFIRMED.**